_____
          Honorable Natalie M. Cox
      United States Bankruptcy Judge

Entered on Docket
March 22, 2022

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email:   baxelrod@foxrothschild.com
*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No.  BK-21-14823-nmc |
| | Chapter 11 |
| FORTEM RESOURCES, INC., | **ORDER APPROVING STIPULATION ADJOURNING (I) THE DEBTOR'S AMENDED MOTION FOR ORDER: (A) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION FINANCING; (B) GRANTING LIENS; AND (C) GRANTING RELATED RELIEF [ECF NO. 96]; AND (II) THE SEC'S MOTION TO CONVERT TO A CASE UNDER CHAPTER 7 OR TO APPOINT A CHAPTER 11 TRUSTEE [ECF NO. 69]** |
| Debtor. | |

The Court having considered the *Stipulation Adjourning (I) the Debtor's Amended Motion for Order: (A) Authorizing Debtor to Obtain Postpetition Financing; (B) Granting Liens; and (C) Granting Related Relief [ECF No. 96]; And (II) the SEC's Motion to Convert to A Case Under Chapter*

131926445.1

*7 or to Appoint A Chapter 11 Trustee [ECF No. 69]* (the "Stipulation"), between the above-captioned debtor (the "Debtor") and the U.S. Securities and Exchange Commission (the "SEC");

**IT IS HEREBY ORDERED THAT:**

1.    The Stipulation is approved.

2.    The Evidentiary Hearing is adjourned pursuant to the Second Amended Scheduling Order, a true and correct copy of which is attached hereto as **Exhibit 1.**

3.    All related discovery deadlines shall be adjourned pursuant to the Second Amended Scheduling Order.

4.    All other relief sought is approved.

5.    The Court retains jurisdiction to hear and determine matters arising from or relating to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:    */s/Brett A. Axelrod*
        BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859
        1980 Festival Plaza Drive, Suite 700
        Las Vegas, Nevada 89135
    *Counsel for Debtor*

2

131926445.1

# EXHIBIT 1

131926445.1

1

2

3

4

5

6

7   BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
8   ZACHARY WILLIAMS, ESQ.
    Nevada Bar No. 16023
9   **FOX ROTHSCHILD LLP**
    1980 Festival Plaza Drive, Suite 700
10  Las Vegas, Nevada 89135
    Telephone: (702) 262-6899
11  Facsimile: (702) 597-5503
    Email:   baxelrod@foxrothschild.com
12           zwilliams@foxrothschild.com
    *Counsel for Debtor*
13

14

15                **UNITED STATES BANKRUPTCY COURT**

16                      **DISTRICT OF NEVADA**

17  In re                                  | Case No. BK-21-14823-nmc

18     FORTEM RESOURCES, INC.,              | Chapter 11

19                                          | **SECOND AMENDED ORDER**
                                            | **SCHEDULING PRETRIAL**
20                        Debtor.           | **CONFERENCE AND**
                                            | **EVIDENTIARY HEARING AND**
21                                          | **SETTING RELATED DEADLINES**

22

23

24          This matter came before the Court pursuant to the Court's Order Continuing Hearing (ECF

25  No. 138) regarding the *U.S. Securities and Exchange Commission's Motion to Convert to a Case*

26  *Under Chapter 7 or Appoint a Chapter 11 Trustee* (ECF No. 69) and the *Amended Motion for Order:*

27  *(A) Authorizing Debtor to Obtain Postpetition Financing; (B) Granting Liens; and (C) Granting*

28  *Related Relief* (ECF No. 96) (collectively, the "Motions").  On March 18, 2022, the Debtor and the

SEC entered into a stipulation adjourning the Motions (ECF No. 173) (the "Stipulation"). For the reasons stated on the record at the hearing, and to expedite and facilitate an evidentiary hearing on the Motions pursuant to the Stipulation, it is **ORDERED** as follows:

1. **PRETRIAL CONFERENCE**. The Court will hold a pretrial conference on the Motions (the "Pretrial Conference") on **October 11, 2022** at **10:30 a.m.**, by teleconference. The telephone information is +1 669 254 5252, Meeting ID: 161 166 2815, Passcode: 115788.  The Debtor shall serve a copy of this Order on all appropriate parties and file a certificate of service thereof as required by this Court's local rules.  Prior to the Pretrial Conference, the Court shall send out the necessary information for all participants to appear.

2. **EVIDENTIARY HEARING**.  The Court will conduct an evidentiary hearing (the "Evidentiary Hearing") on the Motions on **October 27, 2022**, by video conference using the services of Zoom, beginning at **9:30 a.m.** each day, and continued day to day until completed. Prior to the Evidentiary Hearing, the Court shall send out the necessary information for participants to appear.  To the extent that any participant does not have access to participate in the hearing through Zoom video, participation may be telephonic.  The parties are responsible for informing Judge Cox's courtroom deputy, Benji Rawling, of the need for telephonic appearance accommodations **no later than close of business three business days** before the Evidentiary Hearing.  In the event the Bankruptcy Court recommences live in person hearings, the scheduled Evidentiary Hearing may change to an in-person hearing at the discretion of the Court, as determined at the Pretrial Conference.

3. **DISCLOSURES**.  Except as otherwise ordered by the Court, Rules 26(d)(1) and 26(f), Fed. R. Civ. P., will not apply to this contested matter.  The disclosures required by Rules 26(a)(1), 26(a)(2), and 26(a)(3)(A), Fed. R. Civ. P. must be made by the following deadlines:

    a. The initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., must be made on or before **July 29, 2022**.

    b. The disclosures of expert testimony under Rule 26(a)(2), Fed. R. Civ. P., must be made (i) at least **forty-five days** before the Pretrial Conference or (ii) within **fourteen days** after an opposing party's disclosure of evidence that gives rise to the need for the expert, whichever

2

132020367.1

is later. The party disclosing an expert witness must, within **fourteen days** of the disclosure, provide to each opposing party a written report prepared and signed by the witness as required by Rule 26(a)(2)(B), Fed. R. Civ. P.

c.  The pretrial disclosures under Rule 26(a)(3)(A), Fed. R. Civ. P., must be made no later than **three days** before the Pretrial Conference.

d.  All disclosures under Rules 26(a)(1), 26(a)(2), and 26(a)(3)(A), Fed. R. Civ. P., must be made in writing, signed, served, and, except for copies of exhibits and expert witness reports, be filed with the Court.

4.  **DISCOVERY**: All discovery must be completed by **September 29, 2022.** The Court will allow discovery after the Pretrial Conference only upon a showing of good cause.

5.  **DISCOVERY DISPUTES**.  If a discovery dispute occurs, the parties must first, as required by Fed. R. Civ. P. 37(a)(1) (incorporated by Fed. R. Bankr. P. 7037 and 9014), confer in a good faith to attempt to resolve the issues.  If the parties are unable to resolve the dispute, any party may file a short (not to exceed five pages) motion briefly summarizing the discovery dispute and requesting expedited telephonic hearing to resolve the discovery dispute. A separate motion for an order shortening time shall not be required.

6.  **SUMMARIES TO PROVE CONTENT**. If any party intends to offer in evidence at trial a summary, chart or calculation to prove content as permitted by Federal Rule of Evidence 1006, that party must provide to the other parties a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties, as soon as practicable but in no event later than **seven days** before the Pretrial Conference.

7.  **JOINT PRETRIAL STIPULATION**. The parties shall meet and confer (by video conference or by telephone) not later than **fourteen days** before the Pretrial Conference to confer on the preparation of a Joint Pretrial Stipulation. Debtor must file the fully executed Joint Pretrial Stipulation no later than **one business day** before the Pretrial Conference. The Court will not accept unilateral statements and will strike *sua sponte* any such submissions. Should any of the parties fail to cooperate in the preparation of the Joint Pretrial Stipulation, any other party

3

132020367.1

may file a motion requesting an order to show cause why such party or parties (and/or their counsel) should not be held in contempt and sanctioned for failure to comply with this order.

8. **SUBMISSION AND EXCHANGE OF EXHIBITS**.

a. **SUBMISSION AND EXCHANGE OF EXHIBITS**. Parties must file a complete list of witnesses (with correct spelling of each witness's full name) expected to be presented at the evidentiary hearing and all exhibits must be exchanged and submitted via CM/ECF by no later than **4:00 p.m. seven business days** before the scheduled Evidentiary Hearing. The filing of exhibits via CM/ECF will constitute the parties' delivery of exhibits to opposing parties as required by this Order. The parties shall file the exhibits so that each exhibit can be opened individually from the docket. After all the exhibits are filed on the case docket, the parties shall separately file their exhibit list, using the CM/ECF-assigned docket entry numbers for each exhibit and the corresponding CM/ECF-assigned page numbers to complete the exhibit list. A completed exhibit log form shall serve as the exhibit list. Exhibit log forms are available at www.nvb.uscourts.gov. Parties can contact Benji Rawling for a copy of the completed exhibit logs and witness lists. The parties need not provide a hard copy of their exhibits to the Court but must ensure that all witnesses will have access to physical or electronic copies of all exhibits prior to the hearing.

b. **OBJECTIONS TO EXHIBITS**. Any objection to the admissibility of any proposed exhibit must be filed and served, so as to be received **no later than 4:00 p.m. two business days** before the Evidentiary Hearing. <u>Objections to any exhibits, including to declarations and deposition transcripts, including a recording (audio or video) or summary thereof, must follow the procedure specified in this paragraph:</u>

(1) The objection must: (a) identify the exhibit, (b) state the grounds for the objection, and (c) provide citations to case law and other authority in support of the objection.

(2) An objection not so made − except for one under Federal Rule of Evidence 402 or 403 − is waived unless excused by the Court for good cause.

132020367.1

9. **DEPOSITION DESIGNATIONS**.  Any party may offer deposition designations provided that they identify and submit to opposing counsel any such designations at least fourteen days before the Evidentiary Hearing. Objections and counter-designations must be furnished to opposing counsel **at least seven days** before the Evidentiary Hearing.  **No later than two business days** before the Evidentiary Hearing, each party must file with the Court one copy of all statements intended to be offered as evidence and the party's written objections to the admission of any deposition testimony or transcribed statement taken under oath of an opposing party.  Any party may offer deposition designations as testimony for third parties in lieu of a declaration or live testimony, regardless of the availability of the witness.  However, prior deposition testimony shall be admitted as testimony only to the extent that all parties had an opportunity to question or cross-examine the witness during the respective deposition, and nothing herein shall preclude any party from calling as a live witness any previously deposed third party.

10. **REMOTE WITNESS TESTIMONY**.  In accordance with Federal Rule of Civil Procedure 43(a) (made applicable by Federal Rule of Bankruptcy Procedure 9017), for good cause and in compelling circumstances a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom.  The Court finds that the public danger presented by the COVID-19 pandemic merits application of this rule with regard to all witnesses who may testify in this matter.  Due to the COVID-19 pandemic, it is not necessary to file a motion seeking permission to use remote witness testimony.

11. **RESPONSIBILITY FOR REMOTE WITNESSES**.  The party sponsoring each remote witness shall be responsible for ensuring that the remote witness has obtained the link to the video conference has obtained all exhibits prior to the hearing, has registered with Zoom, and has equipment and internet service sufficient to permit participation in the evidentiary hearing.

12. **CONDUCT DURING VIDEO EVIDENTIARY HEARING**.  Other than the attorneys questioning a witness on direct examination or cross-examination, no person shall communicate with a witness during his or her testimony unless specifically authorized by the Court.

5

132020367.1

13. **DIRECT TESTIMONY BY DECLARATION**.  At each party's option, the direct testimony of any witness, except adverse, hostile, or rebuttal witness, may be presented by sworn declaration consisting of a succinct written statement of the direct testimony that the witness would be prepared to give if questions were propounded in the usual fashion at the hearing.  If a party offers a sworn declaration in lieu of direct testimony:

   a. The statement shall substantially conform to Local Rule 9014(c) and shall be signed by the declarant under penalty of perjury;

   b. Each statement of fact shall be separate, shall be sequentially numbered and shall contain only facts that are relevant and material to the contested issue before the Court, avoiding redundancies, hearsay, and other obviously objectionable statements;

   c. The statement may be referenced as the witness's "sworn declaration of fact";

   d. The original sworn declaration of fact shall be marked as a proposed exhibit and filed **seven business days** before the Evidentiary Hearing;

   e. Objections to any portion of a sworn declaration of fact shall be raised in the manner and at the time specified in Paragraph 8.b. of this Order.  The witness shall then be sworn in and asked if the sworn declaration of fact correctly reflects the testimony that would be given if the witness was asked the appropriate questions.  Opposing counsel may then cross-examine the witness.  At the conclusion of cross-examination, the party whose witness is on the stand may conduct redirect examination in the usual manner; and

   f. The Court may require that direct testimony be provided in the usual manner during the hearing even if a sworn declaration of fact is offered.

14. **ORDER OF PROCEEDINGS**.  Except as may be ordered otherwise, the evidentiary hearing shall proceed as follows: The U.S. Securities and Exchange Commission (the "SEC") shall proceed first at the hearing.  If the SEC calls a witness in support of its case-in-chief who has submitted a declaration in lieu of direct examination in support of the Debtor's position, the SEC may proceed to cross-examine that witness directly after the conclusion of its direct examination of the witness.

132020367.1

15. **CLOSING ARGUMENTS**. The parties will meet and confer regarding the time needed for closing argument prior to the conclusion of the evidentiary hearing and shall present any disagreement to the Court for resolution.  The SEC shall proceed with its closing argument first, followed by any parties in interest supporting the SEC's position, and the Debtor and any parties in interest supporting the Debtor's position shall proceed last in whatever order those parties agree upon.

16. **SANCTIONS**. Failure to comply with any provision of this order or failure to appear at the Pretrial Conference may result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or entry of default judgment.

17. **CONTINUANCES**. Continuances of the Pretrial Conference or trial or any deadlines set forth in this order must be requested by written motion. Any request for continuance or amendment to this order must set forth the status of discovery, including exchange of disclosures required under this order, must state the reasons why the party or parties seek a continuance, and must state whether the client and other parties consent to a continuance. The stipulation of all parties is not sufficient grounds, standing alone, for a continuance.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:   _/s/Brett A. Axelrod_
     BRETT A. AXELROD
     Nevada Bar No. 16023
     ZACHARY WILLIAMS, ESQ.
     Nevada Bar No. 16023
     1980 Festival Plaza Drive, Suite 700
     Las Vegas, Nevada 89135
*Counsel for Debtor*

APPROVED/DISAPPROVED:

**UNITED STATES DEPARTMENT OF JUSTICE**

By_/s/     Waived_
     Jared A. Day, Trial Attorney
     For the United States Trustee for Region 17,
     Tracy Hope Davis
     Office of the United States Trustee
     300 Las Vegas Blvd. So., Suite 4300
     Las Vegas, Nevada 89101

132020367.1

1

2

**APPROVED**/~~DISAPPROVED~~:

3

**U.S. SECURITIES AND EXCHANGE COMMISSION**

4

By:  _/s/ Therese A. Scheuer_
      THERESE A. SCHEUER, ESQ.

5

      DE Bar No. 5699, MA Bar No. 672745
      100 F. Street, NE

6

      Washington, DC 20549

7

      -and-

8

      WILLIAM M. UPTEGROVE, ESQ.

9

      NY Bar No. 4846622, NJ Bar No. 031602003
      Atlanta Regional Office

10

      950 East Paces Ferry Road, N.E.
      Atlanta, GA  30326

11

APPROVED/DISAPPROVED:

12

13

**SNELL & WILMER, L.L.P.**

14

By:  _/s/ No Response_
      ROBERT R. KINAS, ESQ.

15

      Nevada Bar No. 6019
      HAYLEY J. CUMMINGS, ESQ.

16

      3883 Howard Hughes Parkway, Suite 1100
      Las Vegas, Nevada 89169

17

18

      -and-

19

      Christopher R. Bryant
      Bar Number: 3934973

20

      HOGAN LOVELLS US LLP
      390 Madison Avenue

21

      New York, NY 10017
_Counsel for Hogan Lovells US LLP_

22

23

24

25

26

27

28

8

132020367.1

## <u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021</u>

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐    The Court has waived the requirement of approval in LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion

☒    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Jared A. Day                                        Waived
*Office of the U.S. Trustee*

Therese A. Scheuer                              Approved
William M. Uptegrove
*Attorneys for the U.S. Securities and Exchange Commission*

Robert R. Kinas, Esq.                           No Response
SNELL & WILMER LLP
Christopher R. Bryant, Esq.
HOGAN LOVELLS US LLP
*Counsel for Hogan Lovells US LLP*

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

9

132020367.1