BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
ZACHARY WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
          zwilliams@foxrothschild.com
*Counsel for Debtor*

Electronically Filed January 31, 2023

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>FORTEM RESOURCES, INC.,<br><br>　　　　　　　　　　Debtor. | Case No.  BK-21-14823-nmc<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR ENTRY OF AN ORDER DISMISSING THE CHAPTER 11 CASE**<br><br>Hearing Date: February 28, 2023<br>Hearing Time:  9:30 a.m. |

Fortem Resources, Inc. (the "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby submits this motion (the "Motion") for entry of an Order (the "Order") pursuant to Bankruptcy Code § 1112(b) and Bankruptcy Rule 1017(a), voluntarily dismissing this Chapter 11 case.

140308872.3

This Motion is made and based upon the following points and authorities, the *Declaration of Marc A. Bruner* (the "Bruner Declaration") filed concurrently herewith, the pleadings and papers on file with the Court in this matter, and any argument of counsel to be entertained at the hearing on the Motion.

DATED this 31st day of January 2023.

                              **FOX ROTHSCHILD LLP**

                              By:      /s/Brett A. Axelrod
                                  BRETT A. AXELROD, ESQ.
                                  Nevada Bar No. 5859
                                  ZACHARY WILLIAMS, ESQ.
                                  Nevada Bar No. 16023
                                  1980 Festival Plaza Drive, Suite 700
                                  Las Vegas, Nevada 89135
                                  *Counsel for Debtor*

## MEMORANDUM OF LAW POINTS AND AUTHORITIES

### I.

### JURISDICTION

1. This Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code sections 305(a) and 1112(b) and Bankruptcy Rule 1017(a).

### II.

### FACTUAL BACKGROUND

4. On October 5, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code.

5. The factual background relating to the Debtor's commencement of the Chapter 11 Case is set forth in detail in the *Omnibus Declaration of Marc A. Bruner in Support of Chapter 11 Petition and Fox Rothschild Employment Application* [ECF No. 33] (the "Omnibus Declaration") and

2

140308872.3

is incorporated for all purposes herein by this reference.

6. On December 21, 2021, the Debtor filed its *Motion to Convert Case from a Subchapter V to Chapter 11* [ECF No. 84] (the "Redesignation Motion"). On February 2, 2022, the Court entered its *Order* [ECF No. 147] granting the Redesignation Motion.

7. On December 13, 2021, the United States Securities and Exchange Commission (the "SEC") filed a motion to convert the Debtor's bankruptcy case from Chapter 11 to Chapter 7 or appoint a Chapter 11 trustee (the "Motion to Convert") [ECF No. 69]. On January 11, 2022, the SEC objected to the Debtor's motion to obtain debtor-in-possession financing [ECF No. 101]. An evidentiary hearing for this contested matter is scheduled for March 27, 2023. However, the SEC and the Debtor have agreed that upon dismissal of this case, the Motion to Convert shall be moot and the court shall vacate all scheduling orders, discovery deadlines, and the evidentiary hearing in the contested matter related to the Motion to Convert.

8. On January 24, 2022, the Debtor filed an adversary proceeding (the "Adversary Proceeding") against Hogan Lovells US LLP ("Hogan Lovells") seeking to avoid certain prepetition transfers.

9. On February 7, 2022, the Debtor entered into an agreement with the SEC whereby registration of each class of the Debtor's securities registered pursuant to Exchange Act Section 12 were permanently revoked. As a result of this agreement and order, the Debtor is no longer able to publicly trade its securities.

10. On June 10, 2022, the Debtor filed its *Motion for Order (A) Authorizing Debtor to Obtain Postpetition Financing; and (B) Granting Related Relief* [ECF No. 196] and its *Motion for Entry of (I) an Order (A) Approving Auction and Sale Format and Bidding Procedures, (B) Approving Form Notice to Be Provided to Interested Parties; (C) Scheduling a Court Hearing to Consider Approval of the Sale to the Highest or Otherwise Best Bidder; and (II) an Order Authorizing the Sale of the Assets Free and Clear of all Claims, Liens and Encumbrances* [ECF No. 200].

11. On June 29, 2022, the Court entered its *Order (A) Authorizing Debtor to Obtain Postpetition Financing; and (B) Granting Related Relief* [ECF No. 219] (the "DIP Order") and its *Order Establishing Bidding Procedures and Deadlines Relating to Sale Process for Substantially All*

3

140308872.3

*of Debtor's Assets* [ECF No. 220]. The DIP Order authorized the Debtor to obtain financing from Pimee Energy, Inc. ("Pimee") for the purposes of hiring an independent sales agent, and covering the costs of marketing the Debtor's assets.

12. On August 9, 2022, the Debtor filed its *Notice of (I) Entry Into Stalking Horse Agreement and (II) Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of the Debtor's Assets* [ECF No. 235].

13. On September 7, 2022, the Court entered its *Order (A) Approving Auction And Sale Format And Bidding Procedures, (B) Approving Form Notice To Be Provided To Interested Parties; (C) Scheduling A Court Hearing To Consider Approval Of The Sale To The Highest Or Otherwise Best Bidder; And (II) An Order Authorizing The Sale Of The Assets Free And Clear Of All Claims, Liens And Encumbrances* [ECF No. 249].

14. On October 14, 2022, the Debtor filed its *Motion for Approval of Compromise, Pursuant to Fed. R. Bankr. P. 9019, Between Fortem Resources, Inc. and Hogan Lovells US LLP* [ECF No. 256], which was granted by this Court on November 18, 2022 [ECF No. 290], and resulted in the dismissal of the Adversary Proceeding [ECF No. 291].

15. On December 1, 2022, the Court entered multiple *Orders* approving the payment of administrative expenses to the Debtor's bankruptcy professionals [ECF Nos. 296-298]. With the exception of Debtor's counsel's fees that are the subject of a final application,[1] the Debtor's administrative expenses have been paid in full.

16. On January 12, 2023, the Debtor closed the sale of its assets to Pimee, thereby transferring all assets and equity interests in subsidiaries, and assigning all executory contracts and unexpired leases. Pimee paid a final purchase price of $700,000, which included a credit bid of $95,000 for provision of debtor-in-possession financing for the auction and sale process.

17. The Debtor no longer holds assets or conducts operations of any kind, and has no viable path forward for reorganization in its Chapter 11 Case. Therefore, the Debtor believes that the dismissal of the Chapter 11 Case is in the best interest of the Debtor and its creditors.

---

[1] The Debtor's counsel has filed its final application for professional fees and compensation [ECF No. 304] which shall be heard contemporaneously with this Motion.

140308872.3

### III.

### RELIEF REQUESTED

18. By this Motion, the Debtor requests entry of an Order, substantially in the form attached hereto as **Exhibit A**, dismissing this case and granting related relief as requested herein or as the Court otherwise deems necessary or appropriate.

### IV.

### LEGAL ARGUMENT

**A.    The Chapter 11 Cases Should Be Dismissed Under Section 1112(b).**

Section 1112(b)(1) of the Bankruptcy Code provides in pertinent part that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. §1112(b)(1).

Section 1112(b)(4) provides that "cause" includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4).

**1.    Continuing Diminution Of The Estate And No Likelihood For Rehabilitation Constitutes "Cause" For Dismissal.**

A debtor's request for a voluntary dismissal should ordinarily be granted unless some "plain legal prejudice" will result to the creditors. Gill v. Hall (In re Hall), 15 B.R. 913, 917 (B.A.P. 9th Cir. 1981); In re Ditter, 13 F. App'x 686, 687 (9th Cir. 2001) (citing Hall).

Here there is substantial cause for the dismissal of the Chapter 11 Case. As discussed above, the Debtor has sold all of its assets to Pimee and, hence, has no likelihood of rehabilitation.

Additionally, the SEC has revoked the registration of each class of the Debtor's securities, and the Debtor remains unable to raise capital due to its ongoing Cease Trade Order imposed by the Alberta Securities Commission. *See* Omnibus Declaration, pp. 5-6.

Moreover, so long as the Chapter 11 Case remains pending, administrative expense claims will continue to accrue, and the Debtor has no ability to continue to pay estate professionals.

In short, the Debtor has amply demonstrated cause exists within the meaning of section 1112(b)(4).

### 2. **Dismissal Of The Chapter 11 Case Is In The Best Interests of Creditors and the Estate.**

Once the court determines that "cause" exists, the court has discretion based upon the best interest of creditors and the estate to determine whether to dismiss the case or to convert the case to a chapter 7 liquidation case. "Once cause for relief is shown, the court has broad discretion for dismissing." In re Gonic Realty Tr., 909 F.2d 624, 627 (1st Cir. 1990).

The dismissal of a chapter 11 case serves the best interests of creditors where, as here, a debtor has nothing left to reorganize and the debtor's assets are fixed and liquidated. *See Camden Ordnance Mfg. Co. of Ark., Inc. v. United States Trustee (In re Camden Ordnance Mfg. Co. of Ark., Inc.),* 245 B.R. 794 (E.D. Pa. 2000) (reorganization to salvage a permanently closed business was infeasible); *In re Brogdon Inv. Co.,* 22 B.R. 546, 549 (Bankr. N.D. Ga. 1982) (Chapter 11 case dismissal because there was "simply nothing to reorganize" and no reason to continue the case). On the other hand, "[c]onversion to a Chapter 7 case entails certain added expenses, including the expenses of the Chapter 7 trustee and the trustee's own professionals." In re Mazzocone, 183 B.R. 402, 415 (Bankr. E.D. Pa. 1995), aff'd, 200 B.R. 568 (E.D. Pa. 1996).

The Debtor will dissolve its corporate charter under Nevada law, immediately upon the dismissal of the Chapter 11 Case. Creditors will retain all claims and be in the same position as they would be if the Chapter 11 Case had been converted to a chapter 7 liquidation case. The Debtor sees no reason, at this late juncture, to burden its estate with the additional administrative expenses of a Chapter 7 trustee and his/her professionals, especially when all of the assets of the Debtor have already been liquidated, and the estate has no secured creditors.

Accordingly, the Debtor and its creditors are better off with a dismissal of the Chapter 11 Case.

140308872.3

## V.

## CONCLUSION

WHEREFORE, based upon the authorities and for the reasons cited above, the Debtor respectfully requests that the Court (a) grant the Motion in its entirety, (b) enter the Order dismissing the Chapter 11 Case, and (c) grant the Debtor such other relief as the Court deems necessary and appropriate.

Dated this 31st day of January 2023.

**FOX ROTHSCHILD LLP**

By /s/Brett A. Axelrod
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
ZACHARY WILLIAMS, ESQ.
Nevada Bar No. 16023
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
*Counsel for Debtor*

7

140308872.3

**EXHIBIT A**
**"PROPOSED ORDER"**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
ZACHARY WILLIAMS, ESQ.
Nevada Bar No. 16023
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       zwilliams@foxrothschild.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>    FORTEM RESOURCES, INC.,<br><br>                      Debtor. | Case No. BK-21-14823-nmc<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER DISMISSING THE CHAPTER 11 CASE**<br><br>Hearing Date: February 28, 2023<br>Hearing Time: 9:30 a.m. |

8

140308872.3

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
(702) 262-6899
(702) 597-5503 (fax)

This Court having reviewed and considered the *Debtor's Motion for Entry of an Order Dismissing the Chapter 11 Case* (the "<u>Motion</u>")[2], there being no objections to the Motion, and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of these proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, and the case is dismissed under 11 U.S.C. § 1112(b), effective upon the entry of this Order.

2. The evidentiary hearing, scheduling orders, and all related discovery deadlines related to the Motion to Convert are vacated upon the entry of this Order.

3. The Debtor is authorized and empowered to take any steps necessary or appropriate to effectuate the terms of this Order.

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By  */s/Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    ZACHARY WILLIAMS, ESQ.
    Nevada Bar No. 16023
    1980 Festival Plaza Drive, Suite 700
    Las Vegas, Nevada 89135
*Counsel for Debtor*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

140308872.3

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☒ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

10

140308872.3